WALKER STEVENS CANNOM LLP
Hannah L. Cannom (SBN 245635)
hcannom@wscllp.com
Bethany M. Stevens (SBN 245672)
bstevens@wscllp.com
500 Molino Street, Suite 118
Los Angeles, CA 90013
Telephone: (213) 337-9972
Facsimile: (213) 403-4906

Attorneys for Applicants APPLE INC.;
APPLE RETAIL UK LIMITED; and
APPLE DISTRIBUTION INTERNATIONAL LIMITED

FILED

JUL 01 2020

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

*In re Ex Parte* Application of

APPLE INC.; APPLE RETAIL UK LIMITED; AND APPLE DISTRIBUTION INTERNATIONAL LIMITED

Applicants,

For an Order Pursuant to 28 U.S.C. § 1782 Granting Leave to Obtain Discovery from Intel Corporation for Use in Foreign Proceedings.

MISCELLANEOUS CASE NO. CV-20-80109 MISC VKD

**APPLE'S UNOPPOSED *EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 GRANTING LEAVE TO OBTAIN DISCOVERY FOR USE IN FOREIGN PROCEEDINGS AND SUPPORTING MEMORANDUM**

Applicant Apple[1] respectfully submits this Memorandum of Law in support of its *Ex Parte*[2] Application for an Order, pursuant to 28 U.S.C. § 1782, granting its request to issue a subpoena upon Intel Corporation, in aid of foreign litigations pending in the United Kingdom. Though not required, Apple is providing a copy of its *ex parte* application to Intel and to Optis Cellular Technology LLC, Optis Wireless Technology LLC, and Unwired Planet International Limited (collectively, "Optis") contemporaneous with this filing. Intel does not oppose the granting of this application, although it reserves all objections it may have to the proposed subpoena and will require the entry of appropriate confidentiality restrictions before producing any confidential information. (*See* Declaration of Bethany Stevens ("Stevens Decl.") at ¶ 5.)

## I. INTRODUCTION

Optis has sued Apple for alleged patent infringement in both the United States and in the United Kingdom.[3] The lawsuits allege that certain Apple products infringe patents that Optis claims are essential to one or more cellular standards established by the European Telecommunications Standards Institute ("ETSI"). In the United Kingdom action, Optis seeks an injunction (a so-called "FRAND injunction" that would cease upon a FRAND license being entered), and additionally seeks, among other things, a declaration that the offer that it has made to license its portfolio is FRAND, or alternatively a determination by the court of the terms of a

---

[1] Except as otherwise indicated, as used herein, "Apple" means Apple Inc., Apple Retail UK Limited, and Apple Distribution International Limited.

[2] Ex parte filing of applications are "an acceptable method for seeking discovery pursuant to [28 U.S.C.] section 1782[.]"*In re Ecuador*, No. C-10-80225, 2010 U.S. Dist. LEXIS 102158, at *7 (N.D. Cal. Sept. 15, 2010) ("[I]t is common for the process of presenting the request to a court and to obtain the order authorizing discovery to be conducted ex parte. Such ex parte applications are typically justified by the fact that the parties will be given adequate notice of any discovery taken pursuant to the request and will then have the opportunity to move to quash the discovery or to participate in it") (internal quotation marks and citations omitted); *see also In re Appl. of Republic of Ecuador*, No. 22-MC-0052, 2011 U.S. Dist. LEXIS 103360 (E.D. Cal. Sept. 13, 2011).

[3] In the U.S. case, which is pending in the U.S. District Court for the Eastern District of Texas, Case No. 2:19-cv-66-JRG, Unwired Planet, LLC and PanOptis Patent Management, LLC are also plaintiffs, together with Optis Wireless Technology, LLC, Optis Cellular Technology, LLC, and Unwired Planet International Limited.

FRAND license.[4] The offer to license that Optis seeks to have declared FRAND, alternatively the license that Optis seeks to have the United Kingdom court determine, relate to a combined portfolio of patents held by Optis. Under 28 U.S.C. § 1782, interested parties, such as Apple, may obtain discovery for use in foreign litigations from companies located within the United States.

In support of its defenses to the action filed by Optis against Apple in the United Kingdom, Apple seeks narrowly tailored discovery from Intel, which has been one of Apple's suppliers of certain wireless communication chips. Specifically, Apple seeks a narrow set of documents regarding whether Intel had or has a license or is or was otherwise authorized to practice some or all of the patents that are sought by Optis to be included within the scope of the worldwide portfolio license that it seeks to have declared FRAND, including the patents that have been asserted by Optis against Apple in the foreign proceedings.

Apple's application satisfies Section 1782's three statutory requirements. First, it is filed in "the district in which [the] person resides," 28 U.S.C. § 1782(a), because Intel is headquartered in Santa Clara, California. Second, Apple seeks the discovery "for use in proceeding in a foreign . . . tribunal," *id.*, specifically the High Court of Justice of England and Wales, Chancery Division, Patents Court in the United Kingdom. Third, Apple Inc. and its foreign subsidiaries qualify as "interested persons" in those foreign proceedings because they are

---

[4] On June 18, 2020, Optis applied to the UK court to amend its claim to seek further declarations, including that Apple is not entitled to enforce Optis's FRAND obligations, and an injunction that is not a so-called "FRAND" injunction. The discovery sought in this application remains relevant to the UK proceedings for at least these reasons. First, some of the responsive documents may help to establish the defenses of license in patent infringement actions. Second, without prejudice to Apple's contentions as to the proper scope of a FRAND license, the responsive documents may be relevant to the amount of money that Optis on its case could seek from Apple for a FRAND license, which, even if its June 18, 2020 application is granted, Optis presently continues to seek in the alternative. (If Optis succeeds in its claim for the further declarations, it may decide not to proceed with the determination of a FRAND license in the alternative. Optis seeks to have its claim for the further declarations determined in October 2020.)

2

APPLE'S UNOPPOSED *EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782

named parties to those proceedings. *See id.*; *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 256 (2004) (litigants are common example of "interested persons").

Moreover, the factors identified by the Supreme Court to guide a court's discretion in analyzing applications under Section 1782 all favor granting Apple's request. Intel is not a participant in the foreign proceedings, and Section 1782 provides an effective mechanism for obtaining this targeted discovery across various cases. In addition, the U.K. is receptive to the type of discovery sought by Apple, the discovery provides key information for the foreign proceeding, and the request is not made to circumvent any limitation on discovery imposed by the foreign court. Finally, the discovery request is narrowly tailored and is not unduly intrusive or burdensome. To the extent the requested documents contain confidential business information, Apple will agree to protect the information from disclosure as may be appropriate. Accordingly, Apple respectfully requests that the Court enter the order submitted with this application and allow Apple to serve the subpoena attached as Exhibit A to the concurrently-filed Stevens Declaration.

## II.  FACTUAL BACKGROUND

Optis has filed lawsuits against Apple in the United States District Court for the Eastern District of Texas and in the United Kingdom. In the U.K. case, Optis asserts patents that Optis claims to be essential to the Long Term Evolution ("LTE") and Global System for Mobile Communications ("GSM") cellular standards established by ETSI. The functionalities accused by Optis in these actions generally relate to the baseband processor chips incorporated into certain iPhone and iPad models, including baseband processor chips that have been supplied by Intel. (*See generally* Declaration of Mark D. Selwyn ("Selwyn Decl.") at ¶¶ 7, 10.)

Optis' U.K. case is pending in the High Court of Justice of England and Wales, Chancery Division, Patents Court in the United Kingdom. In all, Optis alleges that Apple infringes seven European patents by selling mobile devices that support the LTE standard and one further European patent by selling mobile devices that support the GSM standard. Optis seeks an injunction (a so-called "FRAND injunction" that would cease upon a FRAND license being

entered) and additionally seeks, among other things, a declaration that the offer that it has made to license its portfolio is FRAND, or alternatively a determination by the court of the terms of a FRAND license. The offer to license that Optis seeks to have declared FRAND, alternatively the license that Optis seeks to have the United Kingdom court determine, relate to a combined portfolio of patents held by Optis. (*Id.* at ¶¶ 3-4, 6-7.)

Apple has not submitted to the English jurisdiction. Apple has made applications contesting jurisdiction that were dismissed at first instance, but remain subject to appeal. In the meantime, the U.K. case continues provisionally, with pleadings being served in "draft" form. Apple is not to be taken to be submitting to the jurisdiction of the English court, including by any steps taken in the U.K. case or in support thereof, including this application. (*Id.* at ¶ 5.)

## III. ARGUMENT

### A. Legal Standard

Section 1782 is "the product of congressional efforts, over the span of nearly 150 years, to provide federal-court assistance in gathering evidence for use in foreign tribunals." *Intel Corp.*, 542 U.S. at 247. Over time, Congress has "substantially broadened the scope of assistance federal courts could provide for foreign proceedings." *Id.* at 247-49.

Section 1782 provides in pertinent part:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal . . . . The order may be made . . . upon the application of any interested person and may direct that the testimony or statement may be given, or the document or other thing be produced, before a person appointed by the court.

28 U.S.C. § 1782(a). The statute thus sets forth three requirements, authorizing the district court to "grant an application pursuant to 28 U.S.C. §1782 where: (1) the person from whom discovery is sought resides or is found in the district of the district court to which the application is made; (2) the discovery is for use in a proceeding before a foreign tribunal; and, (3) the application is made by a foreign or international tribunal or any interested person." *See Govan Brown &*

*Assocs. Ltd. v. Does 1 & 2*, No. C 10-02704 PVT, 2010 WL 3076295, at *2 (N.D. Cal. Aug. 6, 2010). If the three statutory requirements are met, "a district court is free to grant discovery in its discretion." *In re Ex Parte Application of Varian Med. Sys. Int'l AG*, No. 16-MC-80048, 2016 WL 1161568, at *2 (N.D. Cal. Mar. 24, 2016) (quotation omitted).

In addition to the statutory requirements, courts also evaluate several non-exclusive factors to aid district courts in determining how to exercise their discretion in granting Section 1782 applications. *Intel Corp.*, 542 U.S. at 264-265. These factors include (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"; (3) whether the request is "an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the discovery is "unduly intrusive or burdensome." *Intel*, 542 U.S. at 264-65; *In re Nagatsuki Assoc.*, No. 20-m-80030-SVK, 2020 WL 887890, at *1-2 (N.D. Cal. Feb. 24, 2020) (outlining *Intel* factors). The Honorable Judge Nathanael Cousins granted a similar application by Apple seeking discovery from Intel for use in a foreign proceeding. *See In re Apple Inc.*, No. 19-mc-80011-NC, slip op. (Jan. 15, 2019) (granting unopposed *ex parte* application by Apple seeking discovery of license agreements for use in foreign proceeding) (Stevens Decl. ¶ 6, Ex. 2).

**B.    Apple's Application Meets the Section 1782 Requirements**

This Application meets each of the three statutory requirements. First, the company from which discovery is sought, Intel, "resides or is found" in this District. 28 U.S.C. § 1782(a). Intel has its principal place of business at 2200 Mission College Boulevard, Santa Clara, California, which is located within this District. (Selwyn Decl. ¶ 8, Ex. 1 (excerpt of 2019 Intel 10K).)

Second, the discovery is sought for use in a "proceeding before a foreign tribunal." 28 U.S.C. § 1782(a). Specifically, Apple seeks the information for use in establishing at least the defenses of license in patent infringement actions brought by Optis in the High Court of Justice of England and Wales, Chancery Division, Patents Court in the United Kingdom, which is a

venue of first instance for hearing patent litigation. Additionally, without prejudice to Apple's contentions as to the proper scope of a FRAND license, any Intel license rights that benefit Apple by immunizing Apple products from Optis patent assertions would necessarily reduce the value of what on its case Optis could offer Apple as a "FRAND license." That, in turn, would necessarily reduce the amount of money that Optis on its case could seek from Apple for such a narrowed license. Such an assessment by the United Kingdom court may arise pursuant to the claim by Optis for a declaration that the offer that it has made to license its portfolio is FRAND, and for a determination by the court of the terms of a FRAND license. As previous cases have recognized, this qualifies as a "tribunal" for purposes of Section 1782. *See, e.g., In re IKB Deutsche Industriebank AG*, No. 09-cv-7852, 2010 U.S. Dist. LEXIS 35924, at *5 (N.D. Ill. April 8, 2010) (venue for commercial dispute in United Kingdom "qualifies as a foreign or international tribunal") (internal quotation mark omitted); *see also In re Apple Inc.*, No. 15-cv-1780 BAS (RBB), 2015 U.S. Dist. LEXIS 137147, at *6 (S.D. Cal. Oct. 7, 2015) (same).

Third, as named parties in the foreign actions, Apple and its subsidiaries qualify as "interested part[ies]." 28 U.S.C. § 1782(a); *Intel*, 542 U.S. at 256 ("No doubt litigants are included among . . . the 'interested person[s]' who may invoke § 1782"); *see also Heraeus Kulzer, GmbH v. Biomet, Inc.*, 633 F.3d 591, 594 (7th Cir. 2011) ("a party to litigation in a foreign country can seek discovery relating to that litigation in a federal district court"). Accordingly, Apple has satisfied the statutory requirements for an application under 28 U.S.C. § 1782.

### C. The Supreme Court's *Intel* Factors Strongly Favor Granting Apple's Application

The factors applied by the Supreme Court in *Intel* also weigh heavily in favor of the Court exercising its discretion to grant Apple's request for discovery.

#### 1. Intel Is Not a Party in the Foreign Proceedings

Because Intel is not a party to the foreign litigations, the material Apple seeks – licenses in Intel's possession – may not be within the foreign tribunal's jurisdictional reach. *See Intel*, 542

U.S. at 264 (noting that "nonparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782 aid"); *see also Heraeus Kulzer*, 633 F.3d at 597 (authorizing Section 1782 discovery because German litigant could not "obtain even remotely comparable discovery by utilizing German procedures"); *Cryolife, Inc. v. Tenaxis Med., Inc.*, No. C08-05124 HRL, 2009 U.S. Dist. LEXIS 3416, at *13 (N.D. Cal. Jan. 13, 2009) (holding that "petitioner need only show that the information" sought under Section 1782 "will be useful").

### 2. Apple Seeks Highly Relevant Information that Will Assist the Foreign Court

The nature and character of the foreign proceeding and the receptivity of the foreign court to U.S. federal-court judicial assistance also weigh in favor of this Court granting Apple's request for discovery. *See Intel*, 542 U.S. at 264. Because the nature and character of the foreign proceedings involve Optis' allegations of patent infringement, discovery regarding these license agreements is highly relevant. *See London v. Does*, 279 F. App'x 513, 515 (9th Cir. 2008) (affirming order granting Section 1782 discovery where proof sought was "critical" in light of the "nature and character of the foreign case").

Moreover, courts in other districts have recognized the receptiveness of the U.K. to the use of discovery obtained through Section 1782. *See, e.g., IKB Deutsche Industriebank*, 2010 U.S. Dist. LEXIS 35924, at *5 ("[d]istrict courts routinely allow applicants to obtain third-party Section 1782 discovery related to litigation pending in the United Kingdom"); *see also In re Wilson*, No. 06-cv-02575-MSK-PAC (MEH), 2007 U.S. Dist. LEXIS 54624, at *13 (D. Colo. July 27, 2007) (concluding that England would not be "hostile" to the discovery requested); *In re Phillips*, No. M 19-96, 2004 U.S. Dist. LEXIS 16426, at *6-7 (S.D.N.Y. Aug. 19, 2004) (finding no "reason to suppose that the government of the United Kingdom would disfavor granting Applicants relief under § 1782").

### 3. No Foreign Discovery Restrictions Bar Apple's Requests

While Section 1782 does not require that the documents sought be discoverable in the foreign courts, a district court could consider whether an applicant was seeking in bad faith "to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." *Intel*, 542 U.S. at 265.[5] Here, Apple is unaware of any restrictions on proof-gathering procedures that would prohibit obtaining the discovery it seeks through this Application. To the contrary, as noted above, U.S. courts have routinely granted applications under Section 1782 for evidence to be used in the U.K. *See, e.g., IKB Deutsche Industriebank*, 2010 U.S. Dist. LEXIS 35924, at *5 (allowing subpoena of evidence to be used in United Kingdom proceeding); *In Wilson*, 2007 U.S. Dist. LEXIS 54624, at *13 (same); *In re Phillips*, 2004 U.S. Dist. LEXIS 16426, at *6 (same). There is no indication that any U.K. law or policy would prohibit Apple from obtaining the information requested.

### 4. Apple's Discovery Is Narrowly Tailored and Not Unduly Intrusive or Burdensome

Apple's proposed discovery requests are narrowly tailored and minimally burdensome. *See Intel*, 542 U.S. at 265 ("unduly intrusive or burdensome requests may be rejected or trimmed"). Apple is requesting document discovery on only one topic, targeted to a small, discrete set of documents: any intellectual property licenses between Intel and the prior owners of the patents asserted by Optis in the U.K., namely Ericsson Inc., Telefonaktiebolaget L M Ericsson, LG Electronics Inc, Panasonic Corporation, Panasonic Intellectual Property Corporation of America and Samsung Electronics Co. Limited. The universe of responsive documents is thus likely to be small and easily searchable, avoiding any undue burden on Intel.

### 5. Granting Apple's Section 1782 Request Would Promote Efficient Discovery

---

[5] *See also In Re Esses*, 101 F.3d 873, 876 (2d Cir. 1996) ("[O]nly upon authoritative proof that a foreign tribunal would reject evidence obtained with the aid of section 1782 should a district court refrain from granting the assistance offered by the act") (quotation marks omitted; emphasis in original); *In re Appl. of Procter & Gamble*, 334 F. Supp. 2d 1112, 1116 (E.D. Wis. 2004) (holding that "to decline a § 1782(a) request based on foreign nondiscoverability, a district court must conclude that the request would undermine a specific policy of a foreign country or the United States").

In addition to the *Intel* factors, courts have also considered other evidence suggesting that the discovery sought accomplishes the goals of Section 1782, such as whether the requested discovery "provid[es] efficient means of assistance to participants in international litigation in our federal courts." *Marubeni Am. Corp. v. LBA Y.K.*, 335 F. App'x. 95, 96 (2d Cir. 2009) (citation omitted). Here, given the complex nature of the litigations between Apple and Optis, Section 1782 provides an effective means for obtaining the discovery sought by Apple. Further, the requested discovery—while not prohibited (as noted above)—might nonetheless prove to be unavailable in U.K. cases, further justifying Apple's request.

### 6. The Court Should Exercise Its Discretion and Grant Apple's Request

The *Intel* factors, and other factors considered by the courts, all strongly favor the Court exercising its discretion to grant Apple's application. Courts in this Circuit routinely permit discovery under Section 1782 where, as here, the applicant has satisfied the three statutory requirements and the *Intel* factors all support granting the requested relief. *See, e.g., In re West Face Capital Inc.*, No. 19-mc-80260-LB, 2019 U.S. Dist. LEXIS 189331, at *5-7 (N.D. Cal. Oct. 31, 2019) (granting application to serve subpoena where all statutory and *Intel* factors favored granting); *In re Ching Chung Taoist Ass'n of H.K.*, N. 16-mc-80157-LB, at *12 (N.D. Cal. Sept. 23, 2016) (same); *In re Am. Petroleum Institute*, No. 11-80008-JF (PSG), slip op. (N.D. Cal. Apr. 7, 2011) (same) (Stevens Decl. ¶ 7, Ex. 3); *In re Ecuador*, 2011 U.S. Dist. LEXIS 103360, at *11; *London*, 279 F. App'x at 513 (affirming the same); *Govan Brown & Assocs. v. Doe*, No. 10-2704-PVT, 2010 U.S. Dist. LEXIS 88673, at *7-8 (N.D. Cal. Aug. 6, 2010) (same); *Mirana v. Battery Tai-Shing Corp.*, No. 08-80142, slip op. (N.D. Cal. Sept. 19, 2008) (same) (Stevens Decl. ¶ 8, Ex. 4).

## IV. CONCLUSION

Apple seeks narrowly tailored discovery for use in proceedings currently pending in the United Kingdom. Because Apple's request satisfies the three statutory requirements of 28 U.S.C. § 1782 and because the four discretionary factors all weigh in favor of granting the application,

Apple respectfully requests that this Court issue the proposed order attached as Exhibit A, authorizing the issuance of a subpoena in substantially the same form as Exhibit B.

Dated:  June 25, 2020                    WALKER STEVENS CANNOM LLP

By: */s/ Hannah L. Cannom*
Hannah L. Cannom (SBN 245635)
hcannom@wscllp.com
500 Molino Street, Suite 118
Los Angeles, CA 90013
Telephone: (213) 337-9972
Facsimile: (213) 403-4906