UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE EX PARTE APLICATION OF APPLE RETAIL UK LIMITED AND APPLE DISTRIBUTION INTERNATIONAL LIMITED | Case No. 20-mc-80109-VKD<br><br>**ORDER GRANTING EX PARTE APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782**<br><br>Re: Dkt. No. 1 |

Applicants Apple Retail UK Limited and Apple Distribution International Limited (collectively, "Apple") seek an order pursuant to 28 U.S.C. § 1782 authorizing service of a subpoena for documents on Intel Corporation ("Intel") for use in litigation in the United Kingdom. Dkt. No. 1. Intel does not oppose service of the proposed subpoena.

For the reasons stated below, the Court grants the application.

## I.  BACKGROUND

According to the application, Optis Cellular Technology, Optis Wireless Technology LLC, and Unwired Planet International Limited (collectively, "Optis") have sued Apple for patent infringement in the High Court of Justice of England and Wales, Chancery Division, Patents Court in the United Kingdom. Dkt. No. 1 at 3. The patents at issue concern the LTE and GSM cellular standards established by ETSI and relate to baseband processor chips incorporated into certain iPhone and iPad models. *Id.* Intel supplies baseband processor chips to Apple. *Id.* Apple seeks documents from Intel regarding whether Intel had or has a license to, or whether Intel is or was authorized to practice, any of the patents that are part of a portfolio for which Optis seeks a declaration that it has offered a Apple a license on fair, reasonable, and non-discriminatory

("FRAND") terms, including the patents Optis asserts against Apple.[1] *Id.* at 2. Intel is not a party to the proceedings in the U.K.

## II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 1782, a district court may order the production of documents or testimony for use in a foreign legal proceeding, unless the disclosure would violate a legal privilege. 28 U.S.C. § 1782(a); *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 246–47 (2004). The statute may be invoked where: (1) the discovery is sought from a person residing in the district of the court to which the application is made; (2) the discovery is for use in a proceeding before a foreign tribunal; and (3) the applicant is a foreign or international tribunal or an "interested person." *Intel*, 542 U.S. at 246.

A district court is not required to grant an application that meets the statutory criteria, but instead retains discretion to determine what discovery, if any, should be permitted. *Id.* at 264. In exercising that discretion, the court considers several factors:

(1) whether "the person from whom discovery is sought is a participant in the foreign proceeding";

(2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance";

(3) whether the discovery request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and

(4) whether the discovery requested is "unduly intrusive or burdensome."

*Id.* at 264–65.

A district court's discretion is guided by the twin aims of § 1782: providing efficient assistance to participants in international litigation and encouraging foreign countries by example

---

[1] According to Apple, Optis seeks an injunction against Apple's alleged infringement of the asserted patents (which Optis claims are essential to the LTE and GSM standards) that would cease upon the parties entering into a FRAND license, as well as a declaration that the offer Optis has made to license its patent portfolio is FRAND. Dkt. No. 1 at 3–4.

to provide similar assistance to our courts. *Schmitz v. Bernstein Liebhard & Lifshitz LLP*, 376 F.3d 79, 84 (2d Cir. 2004). The party seeking discovery need not establish that the information sought would be discoverable under the governing law in the foreign proceeding or that United States law would allow discovery in an analogous domestic proceeding. *See Intel*, 542 U.S. at 247, 261–63.

Applications brought pursuant to 28 U.S.C. § 1782 typically are considered on an ex parte basis, since "'parties will be given adequate notice of any discovery taken pursuant to the request and will then have the opportunity to move to quash the discovery or to participate in it.'" *IPCom GmbH & Co. KG v. Apple, Inc.*, 61 F. Supp. 3d 919, 922 (N.D. Cal. 2014) (quoting *In re Republic of Ecuador*, No. C-10-80225 MISC CRB (EMC), 2010 WL 3702427, at *2 (N.D. Cal. Sept. 15, 2010)). "Consequently, orders granting § 1782 applications typically only provide that discovery is 'authorized,' and thus the opposing party may still raise objections and exercise its due process rights by challenging the discovery after it is issued via a motion to quash, which mitigates concerns regarding any unfairness of granting the application *ex parte*." *In re: Ex Parte Application Varian Med. Sys. Int'l AG, Applicant*, No. 16-mc-80048-MEJ, 2016 WL 1161568, at *2 (N.D. Cal. Mar. 24, 2016).

Unless the district court orders otherwise, the discovery authorized by the court must be obtained in accordance with the Federal Rules of Civil Procedure. 28 U.S.C. § 1782(a); *In re Letters Rogatory from Tokyo Dist. Prosecutor's Office, Tokyo, Japan*, 16 F.3d 1016, 1020 (9th Cir. 1994).

### III.     DISCUSSION

#### A.     Statutory Requirements

Apple's application satisfies the statutory requirements of 28 U.S.C. § 1782(a). First, the subpoena seeks discovery from Intel, which has its principal place of business in Santa Clara, California, within the Northern District of California. Dkt. No. 1 at 5. Second, Apple requests this discovery for use in pending proceedings before a court in the U.K., a foreign tribunal. Third, as a party in the U.K. proceedings, Apple is an interested person within the meaning of the statute.

### B. *Intel* Factors

Even if the Court has the authority to grant Apple's § 1782 application, that does not mean the Court is required to do so. *Intel*, 542 U.S. at 247. In determining whether judicial assistance under § 1782 is appropriate, the Court must consider the additional *Intel* factors.

#### 1. Participation of target in the foreign proceeding

Although this factor addresses whether the person from whom discovery is sought is a party to the foreign proceeding, "the key issue is whether the material is obtainable through the foreign proceeding." *In re Varian Med. Sys.*, 2016 WL 1161568, at *3 (internal quotations and citation omitted).

According to the application, Intel is not a party to the U.K. proceedings, and the discovery sought by subpoena may be located outside the jurisdiction of the foreign tribunal. Dkt. No. 1 at 6. In these circumstances, the need for assistance pursuant to § 1782(a) is greater than it would be in circumstances where the foreign tribunal may order parties appearing before it or third parties within its jurisdiction to produce evidence. *Intel*, 542 U.S. at 264. The Court finds that this factor weighs in favor of discovery.

#### 2. Receptivity of foreign tribunal to U.S. judicial assistance

Under this factor, the Court considers "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance." *Intel*, 542 U.S. at 264. "This factor focuses on whether the foreign tribunal is willing to consider the information sought." *In re Varian Med. Sys.*, 2016 WL 1161568, at *4. "'[I]f there is reliable evidence that the foreign tribunal would not make any use of the requested material, it may be irresponsible for the district court to order discovery, especially where it involves substantial costs to the parties involved.'" *Id.* (quoting *In re Babcock Borsig AG*, 583 F. Supp. 2d 233, 241 (D. Mass. 2008)). Courts have denied requests for discovery where the foreign tribunal or government expressly says it does not want the U.S. federal court's assistance under § 1782. *See, e.g.*, *Schmitz*, 376 F.3d at 84–85 (affirming the denial of discovery where the German government expressly objected to the information sought due to concerns that it would jeopardize an ongoing German criminal

4

investigation, as well as German sovereign rights); *In re Ex Parte Appl. of Qualcomm Inc.*, 162 F. Supp. 3d 1029, 1040–41 (N.D. Cal. 2016) (concluding that this *Intel* factor weighed heavily against discovery where the Korean Fair Trade Commission filed an amicus brief stating that it had no need or use for the requested discovery).

Here, Apple says that the information it seeks from Intel is highly relevant to matters in the U.K. proceedings, as any Intel license rights may in turn protect Apple products that rely on Intel processor chips and may impact the scope and value of the FRAND license Optis seeks. *See* Dkt. No. 1 at 6, 7. Apple observes that other district courts in other cases have recognized that U.K. courts have been receptive to discovery obtained by means of a § 1782 application. *See id.* at 7 (citing cases).

In the absence of evidence to the contrary regarding the foreign tribunal's receptivity to U.S. judicial assistance, the Court concludes that this factor weighs in favor of authorizing service of the subpoena.

### 3. Circumvention of proof-gathering restrictions

Under this factor, the Court considers whether Apple's request for discovery "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." *Intel*, 542 U.S. at 265. "'A perception that an applicant has side-stepped less-than-favorable discovery rules by resorting immediately to § 1782 can be a factor in a court's analysis.'" *In re Varian Med. Sys.*, 2014 WL 1161568, at *5 (quoting *In re Cathode Ray Tube (CRT) Antitrust Litig.*, No. C-07-5944-SC, 2013 WL 183944, at *3 (N.D. Cal. Jan. 17, 2013)). Courts have found that this factor weighs in favor of discovery where there is "nothing to suggest that [the applicant] is attempting to circumvent foreign proof-gathering restrictions." *In re Google, Inc.*, No. 14-mc-80333-DMR, 2014 WL 7146994, at *3 (N.D. Cal. Dec. 15, 2014); *see also In re Eurasian Nat. Res. Corp. Ltd.*, No. 18-mc-80041-LB, 2018 WL 1557167, at *3 (N.D. Cal. Mar. 30, 2018) (finding that the third *Intel* factor weighed in favor of discovery where there was "no evidence" of an attempt to circumvent foreign proof-gathering restrictions or policies).

Here, Apple represents that it is aware of no restrictions or policies of the U.K. court that would limit the gathering of the evidence Apple seeks here. Dkt. No. 1 at 8.

5

In the absence of contrary information regarding the procedures acceptable to the U.K. court, the Court concludes that this factor also weighs in favor of authorizing service of the subpoena.

### 4.     Unduly burdensome or intrusive discovery

Under this factor, the Court considers whether the discovery is sought is "unduly intrusive or burdensome." *Intel*, 542 U.S. at 265.

Apple seeks documents responsive to a single document request:

> All documents that grant or granted, or purport or purported to grant, to Intel any rights, protections, or licenses in or to any Ericsson, LG, Panasonic or Samsung IPR—including without limitation Wireless IPR, regardless of whether it is Essential Wireless IPR—and/or that provide or provided a covenant not to sue, including as to Intel's customers, relating to any Ericsson, LG, Panasonic or Samsung IPR, and/or that otherwise authorize or authorized Intel to practice an Ericsson, LG, Panasonic, or Samsung IPR, including but not limited to all agreements, amendments, appendices, attachments, schedules, and addenda.

Dkt. No. 2, Ex. 1 at ECF p.12.[2]  According to Apple, Ericsson, LG, Panasonic, and Samsung are prior owners of the patents at issue in Apple's dispute with Optis.  Dkt. No. 1 at 8.

The proposed subpoena appears to be appropriately tailored to discovery of documents relevant to the U.K. proceedings, and it does not appear to be unduly burdensome or intrusive.  As Intel will have the opportunity to object to the request or portions of it following service of the subpoena, the Court concludes that this factor weights in favor of authorizing service of the subpoena.

## IV.    CONCLUSION

Apple's application meets the statutory criteria for an order authorizing service of the proposed subpoena.  In addition, the factors that inform the Court's exercise of its discretion under *Intel* also favor authorizing service of the subpoena.

Accordingly, the Court authorizes service of the proposed subpoena on Intel.  This order does not foreclose Intel from moving to quash or to modify the subpoena following service.  At

---

[2] Capitalized terms are specifically defined in the proposed subpoena.

the time of service of the subpoena, Apple must also serve a copy of this order on Intel.

**IT IS SO ORDERED.**

Dated: July 8, 2020

VIRGINIA K. DEMARCHI
United States Magistrate Judge