**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

|  |  |
|---|---|
| § | |
| § | |
| § | |
| § | |
| **In re Ex Parte Application of Apple Retail** § | **NO. 20-mc-80109-VKD** |
| **UK Limited and Apple Distribution** § | |
| **International Limited** § | |
| § | |
| § | |

**Stipulated Protective Order**

Whereas Apple, Inc., Apple Retail UK Limited, and Apple Distribution International Limited (collectively, "Apple") and Optis Wireless Technology, LLC, Optis Cellular Technology, LLC, Unwired Planet International Limited (collectively, "Optis") are involved in litigation in the United Kingdom.

Whereas, to protect confidential information disclosed in connection with that litigation, Optis and Apple have entered into a "Confidentiality Club Agreement (Non-Technical)" (attached as Exhibit A).

Whereas, Apple has served a subpoena on Intel Corporation in this matter pursuant to 28 U.S.C. § 1782 seeking confidential information for use in connection with the UK litigation.

Whereas, Intel seeks to protect that information before disclosing it.

Therefore, it is hereby stipulated among Apple, Optis and Intel that:

1.     The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local

Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

      2.     With regard to materials that Intel produces in response to Apple's subpoena in this matter:

      a.     Intel has all rights and obligations of a "Party" and "Disclosing Party" under the Confidentiality Club Agreement, including but not limited to the right to receive notice of persons to whom Apple and Optis desire to disclose Intel confidential information.

      b.     Intel is entitled to enforce those rights, and can seek injunctive, declaratory, and monetary relief in the event of a breach or threatened breach of those rights.

      c.     The term "Disclosing Party's Solicitors" as used in the Confidentiality Club Agreement will mean Intel's counsel of record in this matter.

      d.     After the disclosure of confidential materials, Intel will have ten working days to comply with the requirements of Paragraph 7 of the Confidentiality Club and Paragraph 4 of Annex C of the Confidentiality Club for producing annotated and non-confidential versions of those materials.

DATED:   10/2/20                */s/ Hannah L. Cannom*

Attorneys for Apple, Inc., Apple Retail UK Limited, and Apple Distribution International Limited

DATED:   10/5/20                */s/ Ingrid Petersen*

Attorneys for Optis Wireless Technology, LLC, Optis Cellular Technology, LLC, Unwired Planet International Limited

DATED:   10/2/20                */s/ Timothy J. Franks*

Attorneys for Intel Corporation

**PURSUANT TO STIPULATION, IT IS SO ORDERED**

DATED: __October 9, 2020__          _____

                                    VIRGINIA K. DEMARCHI
                                    UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

**Claim No: HP-2019-000006**

**IN THE HIGH COURT OF JUSTICE**

**BUSINESS AND PROPERTY COURTS OF ENGLAND AND WALES**

**INTELLECTUAL PROPERTY LIST**

**PATENTS COURT**

**B E T W E E N:**

**(1) OPTIS CELLULAR TECHNOLOGY LLC**

(A company incorporated under the laws of the State of Delaware)

**(2) OPTIS WIRELESS TECHNOLOGY LLC**

(A company incorporated under the laws of the State of Delaware)

**(3) UNWIRED PLANET INTERNATIONAL LIMITED**

(A company incorporated under the laws of the Republic of Ireland)

**Claimants**

**- and -**

**(1) APPLE RETAIL UK LIMITED**

**(2) APPLE DISTRIBUTION INTERNATIONAL LIMITED**

A company incorporated under the laws of the Republic of Ireland

**(3) APPLE INC.**

A company incorporated under the laws of the State of California

**Defendants**

---

**CONFIDENTIALITY CLUB AGREEMENT (NON-TECHNICAL)**

---

**This Confidentiality Club Agreement** is made on 3 July 2020 between:

(1)    The Claimants ("**Optis**"); and

(2)    The Defendants ("**Apple**"),

each a **Party** and together, the **Parties**.

**Recital**

The Parties wish to enter into a confidentiality club for the purposes of protecting **Confidential Information** (as defined below) relating to non-technical information in the **Proceedings** (as defined below) and limiting disclosure of their respective confidential information and restricting its use in these Proceedings.

**Definitions**

1

The following definitions apply in this agreement:

(A) "**Confidential Document**" means any document containing, evidencing or otherwise revealing or based upon Confidential Information.

(B) "**Confidential Information**" means information Designated by or on behalf of any Party as confidential (subject to any subsequent de-designation or determination to the contrary by the Court).

(C) "**Court**" means the courts of England and Wales presiding over these Proceedings (HP-2019-000006) only.

(D) "**Curriculum Vitae**" means an up-to-date document that identifies at least (i) the details of the Expert's present employer and title and (ii) the Expert's previous employment and consulting relationships.

(E) "**Designation**" means with respect to any Confidential Information an annotation on the relevant Confidential Document(s) in accordance with the Designation Protocol at Annex C. The act of so annotating a Confidential Document shall be to "**Designate**".  The phrase "**subject to the Designations**" means that no Party or other person shall be entitled to inspect or otherwise have disclosed to them Confidential Information in any Confidential Document unless the Designation on said Confidential Document permits access to that Party or other person. In the case of any Confidential Document required to be disclosed in native form or in any other format which prevents an annotation being made on the document, the Disclosing Party shall be responsible for clearly explaining to the Receiving Party(ies) what Designation applies to that Confidential Document.

(F) "**Expert**" means the independent experts reasonably required for the purposes of the Proceedings which cannot include (without the prior consent of the Disclosing Party or the permission of the Court) a current director, officer or employee of any entity which is:

      i. a designer, manufacturer and/or distributor of telecommunications products (or products in which telecommunications products are incorporated); and/or

      ii. a proprietor or licensee of any Standard Essential Patents pertaining to such products;

and for whom the Receiving Party's Solicitors have notified the Disclosing Party's Solicitors of the name of the potential expert and provided a Curriculum Vitae to the Disclosing Party's Solicitors and to whom, within seven (7) working days of the provision of the said Curriculum Vitae, the Disclosing Party has not raised any reasonable objections (which objections are not subsequently withdrawn, or deemed to be withdrawn, or rejected by the Court according to the following procedure). If the Disclosing Party objects to disclosure to the potential expert within

such seven (7) day period, the Parties shall confer via telephone or in person within five (5) days following the objection and attempt in good faith to resolve the dispute on an informal basis.  If the dispute is not resolved, the Party objecting to the disclosure will have five (5) days from the date of the conference to seek directions from the Court.  If directions are not sought from the Court within that time, the objection shall be deemed withdrawn.  If directions are sought, Confidential Information shall not be disclosed to the potential expert in question until the Court resolves the objection.

(G)  "**In House Counsel**" means an employee of a Party who has the right to practice law in the United Kingdom, the United States of America, Canada, Australia, New Zealand or in a member state of the European Union.

(H) in respect of any item, the "**Disclosing Party**" is the party disclosing an item and the "**Receiving Party**" is the party receiving the item.

(I)  "**Restricted Confidential Information**" is a subset of Confidential Information which the Disclosing Party reasonably considers requires a higher level of protection than other Confidential Information and thus can only be disclosed to a reduced number of persons, defined as **Restricted Authorised Persons** below.

(J)  "**Solicitors**" means all persons who qualify as authorised persons as defined in the Legal Services Act 2007 employed by or partners of or members of the UK law firms instructed in the Proceedings. For the avoidance of doubt this definition of Solicitors includes patent attorneys, patent attorney litigators, registered foreign qualified lawyers and employed barristers.

(K) "**Proceedings**" means the claim no. HP 2019 000006, including any appeals.

(L) "**UK External Counsel**" means the Parties' Solicitors and barristers instructed on behalf of any of the Parties in the Proceedings.


**The Parties hereby agree and undertake as follows:**

1.      A Disclosing Party shall not assert or maintain an assertion that information is Confidential Information unless it has a bona fide belief that the information is and continues to be confidential and requires the protection of this Agreement. A Disclosing Party shall not assert or maintain an assertion that the Confidential Information is Restricted Confidential Information unless it has a bona fide belief that the information is and continues to require higher level of protection afforded by disclosure to a restricted set of individuals and more stringent processes under this Agreement.

2.      Each of the following is an **Authorised Person**:

a.      UK External Counsel;

b.      Three In House Counsel, named at Annex A to this agreement, from whom UK External Counsel take instructions in these Proceedings and for whom the Receiving Party's Solicitors having received signed undertakings in the form of Annex B and provided copies of the same to the Disclosing Party's Solicitors  ("**Representatives**");

c.      A Party's Experts only after the Receiving Party's Solicitors having received signed undertakings in the form of Annex B and provided copies of the same to the Disclosing Party's Solicitors; and

d.      Any other person on terms agreed by the Parties or ordered by the Court.

3.      Each of the following is a **Restricted Authorised Person**:

a.      UK External Counsel;

b.      A Party's Experts only after the Receiving Party's Solicitors having received signed undertakings in the form of Annex B and having provided copies of the same to the Disclosing Party's Solicitors; and

c.      Any other person on terms agreed by the Parties or ordered by the Court.

4.      Where both Authorised Persons and Restricted Authorised Persons are referred to together, they shall collectively be referred herein to as "**Restricted And Authorised Persons**".

5.      Subject to any terms agreed under clause 2.d. and/or 3.c. above, Confidential Information may only be disclosed to Authorised Persons and Restricted Confidential Information may only be disclosed to Restricted Authorised Persons. Such disclosure shall only be to the extent reasonably required for the purposes of these Proceedings.

6.      Each Disclosing Party shall, when disclosing to the other Party any Confidential Information (including Restricted Confidential Information), Designate the information as being Confidential Information to the Receiving Party at the time of its disclosure in accordance with the Designation Protocol at Annex C.

7.      The Disclosing Party shall also prepare a "non-confidential" version of any document containing Confidential Information and shall provide this to the receiving Party within three (3) working days as per paragraph 4.b) of Annex C.

8.      For the avoidance of doubt, Restricted Confidential Information is a subset of Confidential Information (viewable only by the Restricted Authorised Persons) and the obligations concerning Confidential Information as set out in this Agreement apply also to Restricted Confidential Information.

9.    A Receiving Party shall not disclose or discuss Confidential Information to or with, and shall use best endeavours to procure that their respective Representatives, UK External Counsel and Experts, do not disclose or discuss the Disclosing Party's Confidential Information to or with, any person other than an Authorised Person or Restricted Authorised Person (where appropriate) who is entitled to access that Confidential Information or as set out in Clause 23 below.

10.    A Receiving Party shall treat the Disclosing Party's Confidential Information, and shall take reasonable steps to procure that the Disclosing Party's Confidential Information is treated by the Restricted And Authorised Persons, as confidential and shall use best endeavours to protect the secrecy of, and avoid disclosure and unauthorised use of, that Confidential Information. Without limiting the foregoing, a Receiving Party shall take at least those measures that it takes to protect its own confidential information. A Receiving Party shall use, and shall procure the use of, the Disclosing Party's Confidential Information by Restricted And Authorised Persons solely for the purpose of these Proceedings as permitted in this Agreement, and not for any other proceedings in the UK or elsewhere or for any other purpose.

11.    A Receiving Party shall through its UK External Counsel, as soon as possible notify the Disclosing Party through its UK External Counsel in the event that it becomes aware of, or reasonably believes there has been any unauthorised use or disclosure of the Disclosing Party's Confidential Information.

12.    A Receiving Party's Solicitors shall maintain a record of all Restricted Authorised Persons to whom the Disclosing Party's Restricted Confidential Information has been disclosed on the Receiving Party's behalf.

13.    During the pendency of the Proceedings, the Receiving Party's Solicitors shall immediately provide written notice to the Disclosing Party's Solicitors of any change with respect to an Expert's involvement in the design, development, operation or patenting of mobile telecommunications, or the acquisition of intellectual property assets relating to mobile telecommunications. At the request of the Disclosing Party's Solicitors the Receiving Party's Solicitors shall procure as soon as possible that any Expert who is the subject of such notification shall destroy or erase all documents (including electronic documents) containing the Disclosing Party's Confidential Information or copies of Confidential Information in their custody and control and confirm such destruction to the Disclosing Party's Solicitors, in accordance with clause 19 below, and such Expert shall cease to be an Authorised Person and Restricted Authorised Person henceforth.

14.    Any copy of a Disclosing Party's Confidential Information shall be treated by the Receiving Party for all purposes as Confidential Information. For the purposes of this Agreement,

"copying" of Confidential Information includes but it is not limited to making copies, notes, extracts, abridgements or adaptations of all or part thereof which contain any Confidential Information, including in electronic form, and "copy" shall be construed accordingly.

15.    A Receiving Party shall not copy the Disclosing Party's Confidential Information unless: (a) such copying is only as permitted under this Agreement; and (b) such copies are marked in accordance with the Designation Protocol at Annex C); and the Receiving Party shall procure that the Disclosing Party's Confidential Information is not copied by the Receiving Party's Restricted And Authorised Persons save on the same conditions.

16.    A Disclosing Party shall respond diligently and in good faith to a request from the Receiving Party to identify appropriate redactions to exclude the Disclosing Party's Confidential Information from any document. This will normally require a response within four (4) working days of the request being made.

17.    Should a Receiving Party wish to use any Confidential Information in the Proceedings, it shall, through its UK External Counsel, take reasonable steps to ensure that the Confidential Information remains confidential, including without limitation and to the extent practicable:

a.    Considering the use of Confidential Information in each case and avoiding or minimising such use where it is reasonable to do so;

b.    Where, in creating a copy of Confidential Information, the Confidential Information could reasonably be separated from other information, placing the Confidential Information in a separate confidential annex and incorporating it by reference;

c.    Where a document contains Confidential Information that can reasonably be redacted for some or all purposes, preparing and using for such purposes a redacted document not containing Confidential Information;

d.    Save in relation to skeleton arguments, serving any document containing Confidential Information of the Disclosing Party in relation to which there is a known deadline on that Party seven clear days before the same is filed at Court (and where it is not possible to extend a deadline for filing a document at Court by seven (7) clear days, the longest period as may be permissible after service), providing that the Disclosing Party consents to extending such deadline for the filing at Court by such period;

e.    In other cases, alerting the Disclosing Party as soon as practicable that a filing is being made containing that Party's Confidential Information and identifying prominently in the filing that the document contains Confidential Information as to which the Disclosing Party may seek protection;

    f.       Avoiding referring to Confidential Information in open Court; and where Confidential Information of the Disclosing Party is intended to be so referred to, giving that Party sufficient warning so that it may make an application in respect thereof; and

    g.      Permitting a Disclosing Party a reasonable opportunity to make and have heard an application to maintain the confidentiality of the Confidential Information.

18.    In respect of any Confidential Information that has been read to or by the Court, or referred to, at a hearing which has been held in public, the Parties will ask the Court to make an order pursuant to CPR Rule 31.22(2).

19.    A Receiving Party shall, using reasonable endeavours, within thirty (30) days of the final disposal of the Proceedings  (or earlier, pursuant to clause 13 above), procure that its Restricted And Authorised Persons destroy or erase all documents (including electronic documents) containing the Disclosing Party's Confidential Information or copies of Confidential Information in their custody and control and confirm such destruction to the Disclosing Party's Solicitors, subject to the following processes and exceptions:

    a.      The Parties' respective Solicitors may retain one hard copy of any pleadings, evidence, skeleton arguments, transcripts, applications, draft orders and correspondence (in each case including drafts and any exhibits thereto), subject to continued compliance with all confidentiality obligations under this Agreement;

    b.      The Parties' respective Solicitors and each barrister instructed by each Party to whom Confidential Information has been disclosed may retain an electronic archive which may contain documents, emails and attachments including Confidential Information. Such an archive will be subject to continued compliance with all confidentiality obligations under this Agreement relating to the Confidential Information contained therein and shall be accessible only to those directly involved in and responsible for the proceedings in each case;

    c.      There is no obligation to search for and destroy or erase transitory or deeply stored soft copies which may exist on the computer systems of the Parties or their respective UK External Counsel and which cannot be recovered without special measures, provided that such information will be promptly deleted in the event of the restoration of such copies;

    d.      There is no obligation to search for and destroy or erase information which is stored in computer systems in connection with obligations to hold documents for the purposes of litigation or compliance with regulatory obligations; and

e.     Where any information is discovered that, if located earlier, would have been subject to an obligation of destruction or erasure, it is promptly destroyed or erased upon such discovery.

20.    Within thirty (30) days of the final disposal of the Proceedings, each of the Parties' Solicitors shall deliver to the other Party's Solicitors: (a) all signed undertakings in the form of Annex B; and (b) the record of Restricted And Authorised Persons to whom Confidential Information has been disclosed on behalf of the Parties as referred to in Clause 12 above.

21.    If either Party wishes to add an additional Authorised Person under Clause 2.b or 2.d or Restricted Authorised Person under Clause 3.c, it shall notify the other Party in writing (via its Solicitors) of the name of the person it wishes to add and either:

a.     Obtain written consent from the other Party to add that additional person as an Authorised Person or Restricted Authorised Person under 2.b or 2.d, or 3.c respectively (such consent not to be unreasonably withheld or delayed, which would normally require any consent or reasons for withholding consent to be provided within seven working days from receipt of the written request for consent); or

b.     Apply to the Court to add that additional person as  an Authorised Person or Restricted Authorised Person under 2.b or 2.d, or 3.c respectively in the event that, pursuant to 21.a above, the other Party does not consent to that additional person being added (or cannot consent such as where a document contains third party confidential information) or fails to respond to such request within seven working days.

Once any additional person has been authorised in accordance with this Clause, the name of that Authorised Person or Restricted Authorised Person be added to a Schedule in the form shown in Annex D and where the terms are such that that person has access to certain documents which are a subset of the Confidential Information and/or Restricted Confidential Information, a description of each such document shall be included in the Schedule. An amended Annex D shall be circulated between the Parties by the Party adding the additional person under clause 2.b or 2.d, or 3.c within four (4) working days of agreement or Court order of the terms.

22.    The acts of any Party's Restricted And Authorised Persons shall for the purposes of this Agreement be deemed also to be the acts of that Party.

23.    A Party's Authorised Person within Clause 2.a and Restricted Authorised Person within Clause 3.a may:

a.     Disclose Confidential Information to: (a) his or her or its support staff employed or retained by the instructed firm of Solicitors or barristers' chambers, including but not

8

limited to, paralegals, trainees, IT staff; and (b) third-party courier, document management, and copying services retained by the instructed firm of Solicitors or barristers' chambers, provided that:

 i. in the reasonable opinion of the Party's Restricted And/or Authorised Person, both the fact and extent of the disclosure are necessary for the purposes of the Proceedings, including the day to day conduct of the Proceedings and / or for the purposes of the retention of documents in accordance with Clauses 19.a and 19.b above;

 ii. the confidential nature of the information has been conveyed to the disclosee;

 iii. the disclosee is not permitted to use or disclose the Confidential Information save as at the direction of the Party's Restricted And/or Authorised Person;

 iv. the acts of the disclosee in respect of the Confidential Information are considered also to be acts of the Party's Restricted And/or Authorised Person; and / or

b. Disclose Confidential Information to the Court, its personnel and official transcript writers, such as Marten Walsh Cherer Ltd., and the other Party's UK External Counsel instructed in these proceedings, including, but not limited to, any trainees, paralegals and barristers' clerks.

24. A Party's Representatives within Clause 2.b may:

a. Disclose Confidential Information to his or her or its support staff employed or retained by the Party, including but not limited to, paralegals and IT staff provided that:

 i. in the reasonable opinion of the Party's Authorised Person, both the fact and extent of the disclosure are necessary for the purposes of the Proceedings;

 ii. the confidential nature of the information has been conveyed to the disclosee;

 iii. the disclosee is not permitted to use or disclose the Confidential Information save as at the direction of the Party's Authorised Person;

 iv. the acts of the disclosee in respect of the Confidential Information are considered also to be acts of the Party's Authorised Person.

25. For the avoidance of doubt, a Party's Restricted And Authorised Person's storage of Confidential Information in an encrypted form on a secure server system operated by a

reputable third-party service provider, including storage on a secure cloud-based server system, shall not constitute disclosure of such Confidential Information.

26.    The Parties shall irrevocably instruct its respective UK External Counsel to comply with the requirements of this Agreement and shall take reasonable steps to procure their compliance with it.

27.    Either Party may apply to the Court:

    a.    For permission to use any Confidential Information beyond the scope permitted by this Agreement; and/or

    b.    For a determination that some or all Confidential Information is not confidential; and/or

    c.    For a determination that some or all of the Restricted Confidential Information is not Restricted Confidential Information but instead either Confidential Information or not confidential.

28.    Nothing in this Agreement shall restrict either Party's use of its own Confidential Information.

29.    Notwithstanding any other provision of this Agreement, information shall not be Confidential Information if any of the following apply:

    a.    It is, or becomes, generally available to the public other than as a direct or indirect result of the information being disclosed in breach of this Agreement;

    b.    It was lawfully in the possession of a Party and available for use by that Party in the Proceedings before the information was disclosed by the other Party;

    c.    It was, is, or becomes available to a Party on a non-confidential basis from a person who is not under any confidentiality obligation in respect of that information;

    d.    The Parties agree in writing that the information is not confidential; or

    e.    A court or appropriate tribunal determines that the information is not confidential.

30.    Subject to the provisions of Clause 31, a Party may disclose Confidential Information to the minimum extent required by an order of any court of competent jurisdiction or any regulatory, judicial, governmental or similar body or any taxation authority of competent jurisdiction, or the laws or regulations of any country to which its affairs are subject.

31.    Before a Party discloses any Confidential Information pursuant to Clause 30 it shall, to the extent permitted by law, use all reasonable endeavours to give the other Party as much notice of this disclosure as possible and at a minimum ten (10) working days; and where notice of

such disclosure is given in accordance with this Clause, the Party shall take into account the reasonable requests of the other Party in relation to the disclosure.

32.     If a Party is unable to inform the other Party before Confidential Information is disclosed pursuant to Clauses 30 and 31, it shall, to the extent permitted by law, inform the other Party of the full circumstances of the disclosure and the information that has been disclosed as soon as reasonably practicable after such disclosure has been made.

33.     This Agreement shall survive until such time as all Confidential Information disclosed hereunder becomes publicly known and generally available through no action or inaction of either Party.

34.     This Agreement and any dispute or claim (including non-contractual disputes or claims) arising out of or in connection with it or its subject matter or formation shall be governed by and construed in accordance with the law of England and Wales.

35.     Each Party irrevocably agrees that the courts of England and Wales shall have exclusive jurisdiction to settle any dispute or claim (including non-contractual disputes or claims) arising out of or in connection with this Agreement or its subject matter or formation.


Signed for and on behalf of the Claimants                    )
by their solicitors EIP Europe LLP                           )          *EIP Legal*


Signed for and on behalf of the Defendants                   )
by their solicitors Wilmer Cutler Pickering Hale and Dorr LLP )  *Wilmer Cutler Pickering Hale and Dorr LLP*

**Annex A: List of Representatives**

**Optis**

1.

2.

3.

**Apple**

1.

2.

3.

**Annex B: Form of Undertaking**

Claim No: HP-2019-000006

**IN THE HIGH COURT OF JUSTICE**

**BUSINESS AND PROPERTY COURTS OF ENGLAND AND WALES**

**INTELLECTUAL PROPERTY LIST**

**PATENTS COURT**

**B E T W E E N:**

**(1) OPTIS CELLULAR TECHNOLOGY LLC**

(A company incorporated under the laws of the State of Delaware)

**(2) OPTIS WIRELESS TECHNOLOGY LLC**

(A company incorporated under the laws of the State of Delaware)

**(3) UNWIRED PLANET INTERNATIONAL LIMITED**

(A company incorporated under the laws of the Republic of Ireland)

**Claimants**

**- and -**

**(1) APPLE RETAIL UK LIMITED**

**(2) APPLE DISTRIBUTION INTERNATIONAL LIMITED**

A company incorporated under the laws of the Republic of Ireland

**(3) APPLE INC.**

A company incorporated under the laws of the State of California

**Defendants**

---

**CONFIDENTIALITY UNDERTAKING OF [INSERT NAME]**

---

1. I [Full Name] confirm that I have read and understood the provisions of the Confidentiality Club Agreement to which this forms Annex B.

2. In consideration of my being permitted to act as [a Restricted Authorised Person and/or an Authorised Person] on behalf of [PARTY A] in accordance with the provisions of the Confidentiality Club Agreement, I [INSERT NAME, POSITION AND COMPANY], hereby undertake as follows:

a) to maintain Confidential Information as strictly confidential;

b) not to use Confidential Information for any purpose other than the Proceedings;

13

c) not to disclose (directly or indirectly) nor permit the disclosure of, nor discuss or make available, any of Confidential Information with any person, except in accordance with the obligations of the Confidentiality Club Agreement;

d) not to copy Confidential Information or any part thereof except as is reasonably necessary for the purpose of the Proceedings, and in the case of an electronic copy other than onto a password-protected computer;

e) not to reduce to writing nor otherwise record Confidential Information or any part thereof in a document except as is reasonably necessary for the purpose of the Proceedings;

f) not to keep any paper copies of Confidential Information or any part thereof other than in a safe, secure and confidential place;

g) not to save any electronic copies of Confidential Information or any part thereof, including emails containing Confidential Information (either in the body of the email or attached to the email) other than onto a password- protected computer;

h) to ensure that steps are taken to establish and maintain security measures to safeguard and secure any Confidential Information from unauthorised access or use including, where applicable, steps to prevent other persons at [PARTY A] (including its affiliates) from having access to Confidential Information of any other party to these Proceedings;

i) to permanently destroy (which for electronic documents shall include irrecoverable deletion of electronic copies and records to the extent reasonably and legally practicable, including from third party data storage services), or return (at my election) to [PARTY A's] solicitors ([NAME OF PARTY A's SOLICITORS]) all documents (including electronic documents) containing Confidential Information, including all copies and recordings of Confidential Information. Subject to the following exception, that there is no obligation on me to search for transitory or deeply stored soft copies which may exist on the computer systems used by me and which cannot be recovered without special measures, provided that such information will be promptly deleted in the event of the restoration of such copies;

j) I will certify in writing to the solicitors of [PARTY A] (NAME OF PARTY A's SOLICITORS), that sub-paragraph i) has been complied with; and

k) in the event that I become aware of any person using or disclosing Confidential Information in breach of any undertaking given in respect thereof, to notify [PARTY A's] solicitors ([NAME OF PARTY A's SOLICITOR]) as soon as possible with details of such unauthorised use or disclosure.

3.  The above undertakings shall not apply to any information that:

a)  is, or becomes, generally available to the public other than as a direct or indirect result of the information being disclosed by me in breach of this undertaking (except that any compilation of otherwise public information in a form not publicly known shall still be treated as Confidential Information);

b)  was available to me on a non-confidential basis prior to disclosure;

c)  was, is, or becomes available to me on a non-confidential basis from a person who, to my knowledge, is not under any confidentiality obligation in respect of that information;

d)  was lawfully in my possession before the information was disclosed by the Disclosing Party;

e)  is required to be disclosed by operation of law, statute or by order of a court of competent jurisdiction or a regulatory or other body having jurisdiction over me provided that such disclosure shall be subject to paragraph 4 below;

f)  was, is or shall be developed by or for me independently of the Confidential Information disclosed to me under this Confidentiality Club Agreement; or

g)  the Parties agree in writing that the information is not confidential.

4.  Where any Confidential Information is required to be disclosed in circumstances identified in paragraph 3e) above, I shall:

a)  provide [PARTY A's solicitors] (to the extent permitted by law) with notice as soon as practicable in writing;

b)  use reasonable endeavours to obtain an assurance that the Confidential Information will be treated as confidential; and

c)  provide only those parts of the Confidential Information which are legally required to be disclosed.

5.  The obligations owed by me to the Disclosing Parties pursuant to this undertaking may only be removed or modified with the prior written consent of all relevant Disclosing Parties or by order of the Court.

6.  This undertaking and any dispute or claim (including non-contractual disputes or claims) arising out of or in connection with it or its subject matter or formation shall be governed by and construed in accordance with the law of England and Wales.

7.  Each party irrevocably agrees that the courts of England and Wales shall have exclusive jurisdiction to settle any dispute or claim (including non-contractual disputes or claims) arising out of or in connection with this undertaking or its subject matter or formation.

Signed: ............................................................................

Dated: …………………………………….

[**Full Name and Position**]

**Annex C - Designation Protocol**

The following Designation Protocol shall apply:

1.  Abbreviated designations of Parties shall be as follows:

    a)  Optis shall be "**O**".

    b)  Apple shall be "**A**".

    c)  Abbreviated designations for third parties are to be agreed between the parties in writing should they become necessary.

2. Abbreviated designation of confidentiality shall be as follows:

    a)  Confidential Information shall be "**CON**".

    b)  Restricted Confidential Information shall be "**RES**".

3.  All copies of Confidential Documents disclosed in accordance this Confidentiality Club Agreement must be clearly marked on the first page as follows:

| |
|---|
| **Contains Confidential Information [including RES Information] of:** <br><br> • <br><br> • <br><br> **Designation of confidentiality: CON / RES** |
| **Subject to the provisions of the Confidentiality Club Agreement dated xx.xx.xx** |

**Annotated Versions of Confidential Documents**

4.  Three (3) working days following the disclosure and/or service of a Confidential Document on a Receiving Party, the respective Disclosing Party or their UK External Counsel will provide:

    a)  An annotated version of that Confidential Document where the relevant Confidential Information within the disclosed Confidential Document must be clearly identified and marked with side annotation specifying the Disclosing Party, followed by the relevant confidentiality regime (e.g. CON or RES) and party(ies) who can view the information denoted in brackets (the "**Annotated Confidential Document**") using abbreviated designations as set out in Paragraphs 1 and 3 hereto. Non-exhaustive examples of annotations are provided in Paragraph 5 hereto with a mock proforma providing an example at the end of this **Annex C**; and

    b)  Serve a non-confidential version of the Annotated Confidential Document, to the extent that such Confidential Document contains information that is not Confidential Information.

17

5.  Examples of annotations on the Annotated Confidential Document could be as follows:

    a)  O (CON-A) means Optis' Confidential Information which may be seen by Apple's Authorised Persons.

    b)  A (RES-O) means Apple's Restricted Confidential Information which may only be seen by Optis' Restricted Authorised Persons.

    c)  A & X (RES-O) means Apple and X's Restricted Confidential Information (e.g. the terms of a licence) which may only be seen by Optis' Restricted Authorised Persons. Note that X is a fictional additional third party being used for illustration purposes.

6.  Where a Confidential Document is to be included in a hearing bundle, it may be included (or asked to be included) in a file or files marked "Confidential" or "Restricted Confidential" in accordance with paragraph 3 of this **Annex C**.  In some instances, not all parties will be permitted to have access to all Confidential Information in the bundle. Should such circumstances arise, all parties will have the same bundle and indices, but with documents removed where necessary (and appropriate placeholders inserted in their place). If it is requested by the Disclosing Party or their UK External Counsel that the document name itself be kept confidential, the index shall state 'Confidential Information as between [PARTY] and [PARTY] in relation to [agreed non-confidential description]' in respect of the relevant tabs.

Contains Confidential Information [including RES Information] of:

- **Party M**

**Designation of confidentiality: CON / RES**

Subject to the provisions of the Confidentiality Club Agreement dated xx.xx.xx

Claim no. HP-20XX-00ZZZZ

IN THE HIGH COURT OF JUSTICE

BUSINESS AND PROPERTY COURTS OF

ENGLAND AND WALES

INTELLECTUAL PROPERTY LIST (ChD)

PATENTS COURT

B E T W E E N:

**PARTY F**

Claimant

- and -

(1)    **PARTY M**

(2)    **PARTY Q**

Defendants

---

**CONFIDENTIAL** Defence and Counterclaim of Party M

---

1. Lorem ipsum dolor sit amet, consectetur adipiscing elit. Vivamus maximus malesuada enim sit amet convallis. Mauris viverra rhoncus tortor in luctus. Vivamus vel nibh at nulla sodales aliquet. Integer vel ante sit amet augue euismod pulvinar dapibus quis lectus.

M (CON-F&Q) 2. Donec et porta magna. Praesent ut leo luctus, mattis elit eget, fermentum dui. Duis sodales mauris eu pulvinar mollis.

3. Sed aliquam quis lorem vel interdum. Donec vel luctus massa. Praesent mollis leo metus, eu rhoncus odio congue vel. Donec finibus quam at ex rhoncus fringilla. Donec ultrices fringilla sapien in accumsan. Morbi vulputate mattis risus non viverra. Morbi nisl metus,

M(RES-F)      tincidunt ac nisi a, $456 odio.

**Sample Proforma**

**Annex D: Form of Schedule for Additional Persons Under Clause 2.b or 2.d or 3.c**

For any and each additional person added under Clause 2.b or 2.d or 3.c. pursuant to clause 21 of the Confidentiality Club Agreement dated [DATE] the following information must be recorded:

| | |
|---|---|
| **Name of Additional Person:** | |
| **Relevant Clause:** | [Insert either: "Authorised Person (clause 2.b or 2.d )" / "Restricted Authorised Person (clause 3.c)"] |
| **Documents to which this Additional Person has access:** | [Insert description of documents which are a subset of Confidential Information / Restricted Confidential Information to which this additional person has access, this could be for example: "All Restricted Confidential Information" or "Confidential Information not including Restricted Confidential Information" or "Licence between X-Y protected as Restricted Confidential Information"] |
| **Terms on which this Additional Person has access** | [E.g. as per the terms of the Undertaking in Annex B] |